852 F.2d 1294
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BLUE CROSS AND BLUE SHIELD ASSOCIATION and Empire Blue Cross
and Blue Shield, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1135.
 United States Court of Appeals, Federal Circuit.
 June 21, 1988.
 
 Before BISSELL, MAYER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States Claims Court, 13 Cl.Ct. 710 (1987), is affirmed on the basis of the court's opinion.
 
 OPINION
 
 2
 Blue Cross and Blue Shield Association consistently treated the New York Insurance Department assessment as a cost of its private subscription business; it included the entire assessment in its private premium rate structure; and it did not allocate or charge to the medicare program any portion of that assessment during the pertinent period. Because of the "commercial havoc" that would otherwise ensue, a contractor will generally be held to its chosen accounting method unless, as observed by the Claims Court, id. at 714, it shows that continued use of that method would produce an unreasonable or inequitable result. No circumstances here justify allowing Blue Cross retroactively to change the accounting treatment of the New York assessment.
 
 
 3
 BISSELL, Circuit Judge, dissenting.
 
 
 4
 I dissent. Substantial evidence does not support the Board's finding that the New York Insurance Department assessment was a direct cost of the private business of American Hospital Services of New York (AHS). The record reveals that AHS treated the assessment as an indirect cost of all business, but that AHS did not allocate a portion of this indirect cost against the government contracts at issue in this case until final settlement. In my view, therefore, the Board and the Claims Court erred by improperly analyzing this case as though it involved a retroactive change of accounting method. I would vacate and remand.